IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALCENA M. DAWSON,**

                **Petitioner,**

      **v.**                                                      **CASE NO. 21-3261-SAC**

**DAN SCHNURR,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and has identified the deficiencies described below. The Court will allow Petitioner the opportunity to file a complete and proper amended petition that cures the deficiencies.

**Background**

In 1997, a jury in Sedgwick County, Kansas, convicted Petitioner of rape and the state district court sentenced him to 732 months in prison. *Dawson v. State*, 2006 WL 3877559, at *1 (Kan. Ct. App. 2006) (unpublished opinion) (*Dawson I*), *rev. denied* March 27, 2007. Petitioner pursued a direct appeal and the Kansas Court of Appeals (KCOA) affirmed his conviction in an opinion filed in December 1999. *Id.* On March 21, 2000, the Kansas Supreme Court (KSC) denied Petitioner's petition for review of the KCOA opinion.

In 2001, Petitioner filed in the state district court a motion for relief under K.S.A. 60-1507. The district court denied the

motion and Petitioner did not appeal. In 2002, Petitioner filed a second 60-1507 motion, which the district court also denied. Petitioner appealed that denial, and the KCOA affirmed in an opinion issued in December 2006. The KSC denied Petitioner's petition for review in March 2007. *Id.* Thereafter, Petitioner filed multiple additional motions for postconviction relief in the Kansas state courts. *See State v. Dawson*, 310 Kan. 112 (Kan. 2019); *Dawson v. State*, 310 Kan. 26 (Kan. 2019); *State v. Dawson*, 43 Kan. App. 2d 800 (Kan Ct. App. 2010), *rev. denied* Sept. 7, 2010.

In October 2019, Petitioner filed in Sedgwick County District Court a "Motion to Vacate Conviction and Set Aside Sentence." (Doc. 1-1, p. 1.) In that motion, Petitioner asserted that when his minor victim and her sister were interviewed prior to his trial, the interviewers used the "Finding Words" method of interviewing. Petitioner further asserted that in 2015, a Sedgwick County district judge ruled in another case that the Finding Words method has not been validated as a proper interviewing method in cases of child sex abuse, nor has it been subject to reliable studies. Thus, Petitioner argued, he was prejudiced by the improper use of Finding Words to interview his victim and her sister and neither their statements during the interviews, their trial testimony, nor the testimony of the interviewers should have been admitted at Petitioner's trial.

The district court denied the motion in February 2020 and Petitioner appealed the denial. He eventually moved the KCOA for summary disposition under Kansas Supreme Court Rule 7.041 and *State v. Ballou*, 310 Kan. 591 (2019). The KCOA granted the motion and summarily affirmed; in July 2021, the KSC denied Petitioner's

petition for review.

On November 9, 2021, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) As his first ground for relief, Petitioner states that "the use of the Finding Words protocol is outdated and has changed." *Id.* at 5. As his second ground for relief, Petitioner states that "newly discovered evidence warrants an actual innocence claim." *Id.* at 6. Petitioner asks this Court to grant his immediate release. *Id.* at 16. Upon receiving the petition, the Court conducted an initial review and identified the following deficiencies.

**Failure to state a ground for habeas relief**

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In other words, in order to obtain federal habeas relief, Petitioner must show the violation of his rights under federal law, the federal Constitution, or a federal treaty. As noted above, however, the only two grounds Petitioner assert are (1) the Finding Words protocol is outdated and improper and (2) newly discovered evidence supports an actual innocence claim. The petition does not explain how these two grounds, even if true, violate Petitioner's federal rights.

Petitioner does not explain how the use of a now=outdated interviewing method violated his federal rights. And "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400

(1993). Thus, this action is subject to dismissal for failure to allege a ground on which habeas relief could be granted.

**Timeliness**

This action also is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S.

113, 119 (2009). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The one-year limitation period also is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Finally, there is an exception to the one-year time limitation because of actual innocence. Despite its title, to obtain this exception, Petitioner is not required to conclusively exonerate

himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

Petitioner's direct review concluded when the KSC denied review of his direct appeal on March 21, 2000. Petitioner had 90 days to seek review before the United States Supreme Court. Thus, Petitioner's one-year federal habeas limitation period began to run around June 19, 2000. The Sedgwick County District Court clerk's office has confirmed that on March 21, 2001, Petitioner filed his first state 60-1507 motion, which tolled the one-year federal habeas limitation period. At that point, approximately 275 days of the year had expired, leaving approximately 90 days. The district judge denied the motion in an order dated June 2, 2001, and Petitioner did not appeal. When the time to appeal concluded, on approximately July 2, 2001, the one-year federal habeas limitation period resumed. It expired around 90 days later, on October 1, 2001. Yet Petitioner did not file this federal habeas petition until November 2021, over 20 years later.

Petitioner asserts that his petition is nevertheless timely filed because (1) "what was done to [him] by [the] court was a manifest injustice and wholly wrong" and (2) he is permitted to challenge a sentence "at any time" and the motion in which he raised

this issue was not final in the Kansas appellate courts until July 19, 2021. (Doc. 1, p. 15.) Neither of these assertions, even if true, establish a statutory or equitable ground for tolling the federal habeas limitation period, as those are detailed above.[1]

Liberally construing the petition, however, as is proper because Petitioner proceeds pro se, it appears that Petitioner may intend to assert the actual innocence exception to the limitation period. As set forth above, to do so, Petitioner must "'establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."'" *Fontenot*, 4 F.4th at 1030.

Petitioner contends that "the newly enacted Kansas Law which relates to the admission of expert testimony made effective and enacted into law July 2014 which would have made this newly discovered evidence in [his] case." (Doc. 1, p. 8.) It is not entirely clear what Petitioner means by "newly enacted Kansas Law." It appears that Petitioner may be referring to an alleged discrediting of the Finding Words method of interviewing, but Petitioner has not provided the Court with a citation to any Kansas case or statute that discredits the method.[2]

Similarly, Petitioner refers to "the Justin M. Florez case," (Doc. 1, p. 9) but without a case citation or more information, the Court cannot identify the case to which Petitioner is referring. Thus, if Petitioner wishes to rely upon the Florez case, he should

---

[1] Although Petitioner is correct that under K.S.A. 22-3504 allows Kansas state courts to "correct an illegal sentence at any time," AEDPA does not begin the limitation period for federal habeas petitions at the point when the state courts render a final decision on a motion brought under K.S.A. 22-3504. It begins the limitation period when a *conviction* is final.

[2] The Court also notes any state district court order discrediting the Finding Words protocol as unreliable is undermined by the KSC's opposite holding in *State v. Ballou*, 310 Kan. 591, 605-11 (Kan. 2019).

provide additional information or, if he is able, a copy of the ruling upon which he relies.³

It also is unclear whether a holding discrediting the reliability of the Finding Words method is the kind of "new evidence" that would justify applying the actual innocence exception to overcome the time limitations for a federal habeas petition. For example, in *Fontenot*, the petitioner "present[ed] six categories of new evidence in support of his actual innocence" exception argument, including (1) alibi evidence as detailed in affidavits attached to the petition; (2) evidence of obscene phone calls, as documented in police reports that the State failed to disclose before trial; and (3) police summaries not disclosed before trial and a posttrial affidavit from a witness retracting a prior identification of the petitioner. 4 F.4th at 1035-45. The petitioner in *Fontenot* identified the new evidence in question:  affidavits, police reports, police summaries, etc. In contrast, Petitioner here asserts does not identify the "new evidence" that, if shown to the jurors, would have left any reasonable juror with a reasonable doubt as to his guilt. Rather, he appears to argue that the unreliability of the method means certain evidence should have been excluded.

**Conclusion**

The petition fails to allege a violation of Petitioner's federal rights; thus, it does not state a ground for federal habeas relief and is subject to dismissal. In addition, the lack of citations to the legal authority upon which Petitioner relies leaves

---

³ Similarly, in the state-court motion attached to the current petition, Petitioner refers to a "court ruling" by Sedgwick County District Judge David Kaufman regarding the Finding Words protocol, but Petitioner does not sufficiently identify the case in which the ruling occurred. Therefore, the Court cannot locate this ruling or consider its substance in reviewing the current Petition.

this Court unable to conclude that the actual innocence exception applies to the filing deadline for Petitioner's current federal habeas petition. Thus, the petition currently before the Court is also subject to dismissal as time-barred.

The Court will allow Petitioner the opportunity to clarify his arguments and demonstrate grounds for equitable tolling and/or to show that the actual innocence exception to the one-year limitation period applies. Because the petition is also subject to dismissal for failure to state a claim for habeas relief, the Court will allow Petitioner to file an amended petition, on court-approved forms, that cures the deficiencies identified in this order.

If Petitioner submits an amended petition, it must be on court-approved forms and must be complete in and of itself. It may not refer back to an earlier version or petition or attempt to incorporate by reference earlier filings with this Court. Any grounds for relief not included in the amended petition will not be considered by the Court. Petitioner must include the case number of this action (21-3261) on the first page of the amended petition.

Petitioner is allowed to attach additional pages to the petition if necessary, but he must ensure that his asserted grounds for relief and the legal bases therefor are clearly identified in the petition. The Court will liberally construe pro se filings, but will not construct arguments for Petitioner. If Petitioner files an amended petition, the Court will conduct an initial review of that amended petition as required by Rule 4 of the Rules Governing § 2254 Cases. If Petitioner fails to timely submit a proper amended petition, this matter will be dismissed without further notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including December 15, 2021, in which to file a complete and proper amended petition, on court-approved forms, that cures the deficiencies identified in this order. The clerk of court is directed to send Petitioner the proper forms.

**IT IS SO ORDERED.**

DATED:  This 15th day of November, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge