IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALCENA M. DAWSON,

       Petitioner,

    v.           CASE NO. 21-3261-SAC

DAN SCHNURR,

       Respondent.

## MEMORANDUM AND ORDER

  This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner's amended petition, filed December 12, 2021. The Court has conducted an initial review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that this matter was not filed within the applicable statute of limitations. Therefore, the Court will direct Petitioner to show cause why the matter should not be dismissed as time-barred.

**Background**

  In 1997, a jury in Sedgwick County, Kansas, convicted Petitioner of rape and the state district court sentenced him to 732 months in prison. *Dawson v. State*, 2006 WL 3877559, at *1 (Kan. Ct. App. 2006) (unpublished opinion) (*Dawson I*), *rev. denied* March 27, 2007. Petitioner pursued a direct appeal and the Kansas Court of Appeals (KCOA) affirmed his conviction in an opinion filed in December 1999. *Id.* On March 21, 2000, the Kansas Supreme Court (KSC) denied Petitioner's petition for review of the KCOA opinion.

Over the following years, Petitioner sought postconviction relief in the state courts under K.S.A. 60-1507 and other avenues for postconviction relief. *See State v. Dawson*, 310 Kan. 112 (Kan. 2019); *Dawson v. State*, 310 Kan. 26 (Kan. 2019); *State v. Dawson*, 43 Kan. App. 2d 800 (Kan Ct. App. 2010), *rev. denied* Sept. 7, 2010. As relevant to the amended petition, in April 2014, Petitioner filed a motion under K.S.A. 21-2512, in which he requested DNA testing of material collected with a swab during a sexual assault examination. (Doc. 4, p. 49-51.) In October 2014, the district court held a hearing on the motion and held that the evidence had been destroyed on May 3, 1999, so there was nothing to test. *See id.* at 47.

In October 2019, Petitioner filed in state district court a "Motion to Vacate Conviction and Set Aside Sentence" noting that interviewers used the "Finding Words" method to interview his minor victim and her sister. (Doc. 1-1, p. 1.) Petitioner asserted that in 2015, a Sedgwick County district judge ruled in another case that the Finding Words method has not been validated as a proper interviewing method in cases of child sex abuse, nor has it been subject to reliable studies. Thus, Petitioner argued, he was prejudiced by the interviewers' use of Finding Words to interview his victim and her sister and neither their statements during the interviews, their trial testimony, nor the testimony of the interviewers should have been admitted at Petitioner's trial.

The district court denied the motion in February 2020 and Petitioner appealed the denial, but he eventually moved the KCOA for summary disposition under Kansas Supreme Court Rule 7.041 and *State v. Ballou*, 310 Kan. 591 (2019). The KCOA granted the motion and summarily affirmed; in July 2021, the KSC denied Petitioner's

petition for review.

On November 9, 2021, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) The Court conducted an initial review and, on November 15, 2021, issued a Memorandum and Order (M&O) noting that (1) the petition failed to state an actionable ground for habeas relief and (2) the petition appeared to be untimely filed and Petitioner had not demonstrated entitlement to equitable tolling or that the actual innocence exception applies. (Doc. 3.) The Court allowed Petitioner the opportunity to file an amended petition, which he did on December 12, 2021. (Doc. 4) The Court has conducted an initial review of the amended petition under Rule 4.

In the amended petition, Petitioner articulates three grounds for relief. First, he asserts that his conviction violated his rights to procedural and substantive due process under the First, Fifth, and Sixth Amendments to the United States Constitution. (Doc. 4, p. 11.) Specifically, Petitioner argues that the use of Finding Words to interview his victim and her sister rendered their testimony inadmissible because the Finding Words technique does not pass the test for expert testimony established in *Daubert v. Merell Dow Pharmaceuticals*, 509 U.S. 579 (1993). *Id.* at 2-4.

As Ground Two, Petitioner contends that his trial and appellate counsel provided unconstitutionally ineffective assistance, in violation of the Sixth Amendment to the United States Constitution. *Id.* at 12. However, he does not identify the specific alleged actions or inaction by trial and appellate counsel that he believes shows their assistance was unconstitutionally deficient. *See id.* at

12, 42-43.[1] As his third ground for relief, Petitioner asserts that the destruction of the evidence he sought to have tested for DNA in 2014 violated the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. *Id.* at 45-46.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date

---

[1] Petitioner asserts that he raised this argument in his October 2019 motion to vacate conviction and set aside sentence. (Doc. 4, p. 44.) He attempts to incorporate by reference "[t]he argument from Ground's [*sic*] 1-3," presumably from that motion. *Id.* at 42; *see also id.* at 35-36. But that motion does not allege ineffective assistance of counsel. *See id.* at 35-41.

the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

As the Court explained in the M&O,

> "Petitioner's direct review concluded when the KSC denied review of his direct appeal on March 21, 2000. Petitioner had 90 days to seek review before the United States Supreme Court. Thus, Petitioner's one-year federal habeas limitation period began to run around June 19, 2000[ when the 90 days expired]. [*See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).] [O]n March 21, 2001, Petitioner filed his first state 60-1507 motion, which tolled the one-year federal habeas limitation period. At that point, approximately 275 days of the year had expired, leaving approximately 90 days. The district judge denied the motion in an order dated June 2, 2001, and Petitioner did not appeal. When the time to appeal concluded, on approximately July 2, 2001, the one-year federal habeas limitation period resumed. It expired around 90 days later, on October 1, 2001. Yet Petitioner did not file this federal habeas petition until November 2021, over 20 years later." (Doc. 3, p. 6.)

In the section of the amended petition that addresses timeliness, Petitioner states:

> "Petitioner's petition should not be barred because of his due diligence in asserting his rights in court. The last answer to this issue was issued in an opinion by the Kansas Supreme Court denying petitioner's Petition for Review on his motion to vacate conviction and set aside Sentence on July 19, 2021. So, petitioner is properly before this court and in a timely manner." (Doc. 4, p. 59.)

If the one-year federal habeas limitations period ran from the date the KSC denied review of any issue now raised in the present federal habeas action, this matter would be timely. But that is not how the time period is calculated. Rather, as set forth above and in the M&O, there are four dates that may trigger the beginning of the limitation period: (1) the date the judgment became final; (2) the date on which a State-created illegal impediment to filing was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right underlying the federal habeas claim if the Supreme Court made the right retroactively applicable to cases on collateral review; or (4) the date on which due diligence would have revealed the factual basis for the claim or claims in the federal habeas. *See* 28 U.S.C. § 2244(d)(1).

The analysis set forth above and in the M&O is based on the first type of starting date—when the judgment becomes final—and concludes that the federal habeas limitation period expired in October 2001. Even liberally construing the amended petition, as is appropriate since Petitioner proceeds pro se, it does not appear that any of the other three potential starting dates for the federal habeas limitation period apply here.

Petitioner does not allege that the State illegally prevented him from filing a federal habeas petition, so the second type of potential starting date does not apply. Petitioner's federal habeas claims do not spring from a constitutional right newly recognized by the United States Supreme Court[2], so the third type of potential

---

[2] Petitioner relies on a 2015 ruling in Kansas district court that the Finding Words interview technique does not satisfy *Daubert*; the United States Supreme Court is not involved. Similarly, although Petitioner asserts that "[t]he law did not change until 2014" (Doc. 4, p. 11), the law involved is state law and

starting date does not apply. And Petitioner does not allege that he only recently discovered the factual basis for his federal habeas claims[3], so the fourth type of potential starting date does not apply. If Petitioner disagrees with the Court's understanding of his amended petition, he may provide further clarification and explanation in his response to this order.

Although the federal habeas limitations period may be statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," the state postconviction proceedings related to the current federal habeas claims did not begin until after the federal habeas limitations period expired. Thus, they do not toll the limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). In conclusion, this habeas matter was not timely filed and is subject to dismissal unless Petitioner can establish circumstances that warrant equitable tolling or that entitle him to the actual innocence exception to the federal habeas statute of limitations.

As noted in the M&O, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example,

---

rulings by a state court, so the change in the law does not affect calculation of the federal habeas limitation period.

[3] Petitioner's discovery of the legal argument that the Finding Words interview technique does not satisfy *Daubert* was not a factual discovery.

"when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Although Petitioner asserts in his amended petition that he diligently pursued his claims, he has not identified the specific actions he took to pursue them over the 20 years since the limitation period ended, nor has he identified what extraordinary circumstances beyond his control prevented him from timely filing the federal habeas petition.

To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" that was not presented at trial that he believes makes it "more likely than not

that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

**Conclusion**

After reviewing the amended petition, the Court maintains its belief that this matter is not timely. The Court will allow Petitioner the opportunity to demonstrate grounds for equitable tolling and/or to show that the actual innocence exception to the one-year limitation period applies. If Petitioner persuades the Court that equitable tolling is warranted or the actual innocence exception applies, the Court will continue with its review of the amended petition as required by Rule 4 and issue any further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including January 18, 2022, in which to show cause, in writing, to the Honorable Sam. A. Crow, United States District Judge, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:  This 15th day of December, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge