```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**ALCENA M. DAWSON,**

                  **Petitioner,**

      v.                                    CASE NO. 21-3261-SAC

**DAN SCHNURR,**

                  **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner's response (Doc. 6) to this Court's order to show cause (Doc. 5) directing Petitioner to why this matter should not be dismissed as untimely. The Court has carefully reviewed Petitioner's response and, for the reasons set forth below, concludes that this matter must be dismissed as untimely.

**Background**

In 1997, a jury in Sedgwick County, Kansas, convicted Petitioner of rape and the state district court sentenced him to 732 months in prison. *Dawson v. State*, 2006 WL 3877559, at *1 (Kan. Ct. App. 2006) (unpublished opinion) (*Dawson I*), *rev. denied* March 27, 2007. Petitioner pursued a direct appeal and the Kansas Court of Appeals (KCOA) affirmed his conviction in an opinion filed in December 1999. *Id.* On March 21, 2000, the Kansas Supreme Court (KSC) denied Petitioner's petition for review of the KCOA opinion.

Over the following years, Petitioner sought postconviction relief in the state courts under K.S.A. 60-1507 and other avenues

for postconviction relief. *See State v. Dawson*, 310 Kan. 112 (Kan. 2019); *Dawson v. State*, 310 Kan. 26 (Kan. 2019); *State v. Dawson*, 43 Kan. App. 2d 800 (Kan Ct. App. 2010), *rev. denied* Sept. 7, 2010. As relevant to the amended petition, in April 2014, Petitioner filed a motion under K.S.A. 21-2512, in which he requested DNA testing of material collected with a swab during a sexual assault examination. (Doc. 4, p. 49-51.) In October 2014, the district court held a hearing on the motion and held that the evidence had been destroyed on May 3, 1999, so there was nothing to test. *See id.* at 47.

In October 2019, Petitioner filed in state district court a "Motion to Vacate Conviction and Set Aside Sentence" noting that interviewers used the "Finding Words" method to interview his minor victim and her sister. (Doc. 1-1.) Petitioner asserted that in 2015, a Sedgwick County district judge ruled in another case that the Finding Words method has not been validated as a proper interviewing method in cases of child sex abuse, nor has it been subject to reliable studies. The district court apparently held that the Finding Words technique therefore did not pass the test for expert testimony established in *Daubert v. Merell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Thus, Petitioner argued, he was prejudiced by the interviewers' use of Finding Words to interview his victim and her sister and neither their statements during the interviews, their trial testimony, nor the testimony of the interviewers should have been admitted at Petitioner's trial.

The district court denied the motion in February 2020 and Petitioner appealed the denial, but he eventually moved the KCOA for summary disposition under Kansas Supreme Court Rule 7.041 and *State v. Ballou*, 310 Kan. 591 (2019), which had rejected the

argument that the Finding Words technique must pass the *Daubert* test. The KCOA granted the motion and summarily affirmed; in July 2021, the KSC denied Petitioner's petition for review.

On November 9, 2021, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) The Court conducted an initial review and, on November 15, 2021, issued a Memorandum and Order (M&O) noting certain deficiencies. (Doc. 3.) In part, the Court explained the timing requirements for filing a § 2254 petition such as this and concluded that the petition was untimely. *Id.* at 4-7. Liberally construing the petition, however, it appeared that Petitioner may have intended to raise the actual innocence exception to the statute of limitations. *Id.* at 7. Therefore, after explaining the deficiencies in that argument, the Court allowed Petitioner the opportunity to file an amended petition that demonstrates grounds for equitable tolling of the statute of limitations or shows entitlement to the actual innocence exception to the statute of limitations. *Id.* at 9.

Petitioner filed his amended petition on December 12, 2021. (Doc. 4.) In the amended petition, Petitioner articulates three grounds for relief. The amended petition does not, however, demonstrate that this matter is timely, that the statute of limitations should be equitably tolled, or that Petitioner is entitled to the actual innocence exception to the statute of limitations. (See Doc. 5, p. 5-9.) Accordingly, on December 15, 2021, the Court issued a second M&O, once again explaining the relevant law and giving Petitioner an additional "opportunity to demonstrate grounds for equitable tolling and/or to show that the actual innocence exception . . . applies." *Id.* at 9. Petitioner

filed his response to the second M&O on January 11, 2022. (Doc. 6.)

**Timeliness**

The statute of limitations for 28 U.S.C. § 2254 petitions was explained in detail in the Court's previous two orders, each of which concluded that this matter was not timely filed.[1] (See Doc. 3, p. 6; Doc. 5, p. 4-5.) Thus, it will not be detailed again here. The question now before the Court is whether Petitioner has "establish[ed] circumstances that warrant equitable tolling or that entitle him to the actual innocence exception to the federal habeas statute of limitations." (Doc. 5, p. 7.)

In his response, Petitioner does not assert that he is entitled to equitable tolling; rather, he focuses on arguing that the actual innocence exception applies. (Doc. 6.)

As previously explained, to obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

---

[1] Similarly, the Court has already rejected Petitioner's argument—which he makes again in his response (Doc. 6, p. 2)—that the time limitation ran from the date the KSC denied review in 2021 of his 2019 motion for vacate conviction based on his "Finding Words" argument. (See Doc. 5, p. 5-7.) The Court maintains that conclusion and will not repeat the rationale in this order.

Liberally construing the response, as is appropriate since Petitioner is proceeding pro se, Petitioner makes two arguments regarding the new evidence required to invoke the actual innocence exception. First, he contends that the state district court's ruling in 2015 that Finding Words did not pass the *Daubert* test constitutes new evidence. (Doc. 6, p. 1-2.) Second, he contends that this Court should consider as new evidence the evidence Petitioner sought in 2014 to have tested for DNA. *Id.* at 2.

In *Schlup v. Delo*, 513 U.S. 298, 328 (1995), the United States Supreme Court explained that when considering an actual innocence claim, "[t]he habeas court must make its determination . . . 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" However, "[a]n actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

Although Petitioner asserts that the DNA testing results "could have been used to clear [him] of any wrongdoing," (Doc. 6, p. 2), his assertion is speculation. There is no evidence that the material Petitioner sought to have tested even contained DNA. *See Dawson v. State*, 2017 WL 262027, *3 (Kan. Ct. App. 2017) (describing the "debris" collected during the sexual assault examination). And there is no evidence that DNA testing would have exonerated Petitioner.

Next, after careful consideration, the Court concludes that the existence of an argument against admission of testimony about

interviews that used the Finding Words technique is not the type of new evidence that justifies applying the actual innocence exception to the federal habeas statute of limitations. Rather than being factually probative of Petitioner's innocence of the crime of conviction, the argument attacks the legal validity, under *Daubert*, of the interviewing technique that led to evidence used to convict Petitioner.[2] "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). This is because the actual innocence exception exists to provide an avenue to remedy "the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623-24.

Rather than presenting additional evidence to consider in determining whether a reasonable juror would have convicted Petitioner, Petitioner appears to ask the Court to consider whether a reasonable juror would have convicted him if all of the testimony resulting from the Finding Words interviews had been excluded. And that is not the relevant question in an actual innocence inquiry.[3] The relevant question is whether new evidence, considered with all the other evidence, makes it "'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *See Bell* 547 U.S. at 536-37 (quoting *Schlup*, 513 U.S. at 327).

Even if the Court characterized Petitioner's Finding Words argument as presenting new evidence, Petitioner has not shown that

---

[2] As pointed out in earlier orders from this Court, the KSC has already rejected this very *Daubert*-based challenge. *See State v. Ballou*, 310 Kan. 591 (2019).
[3] The unconstitutional admission of evidence might provide grounds for habeas relief, but it does not by itself provide an exception to the statute of limitations for federal habeas petitions.

he is entitled to the actual innocence exception to the statute of limitations. In other words, even considering the new evidence that the Finding Words technique was not scientifically validated as required by *Daubert*, the Court is not convinced that it is more likely than not that a reasonable juror would have been unable to find Petitioner guilty.

At Petitioner's trial, the victim testified in detail about the rape. Her sister testified about seeing Petitioner place his mouth on the victim's genitals and about seeing him "come into their bedroom at night, get on top of [the victim], and 'hump' her." *Dawson I*, 1999 WL 35814328, at *2. Their trial testimony was consistent with information they had previously given police detectives and "[t]he medical testimony from nurses . . . concerning [the victim's] injuries was consistent with her testimony." *Id.* Even if the jury had been presented with evidence undermining the scientific reliability of the technique with which the children were interviewed prior to trial, the Court is not persuaded that it is more likely than not that no reasonable juror could have convicted Petitioner. Thus, Petitioner has not met the threshold required to gain the actual innocence exception to the statute of limitations and the Court must dismiss this matter as untimely.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed as untimely filed. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 19th day of January, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge